```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION
```

| | |
|---|---|
| **Terrance Reaser,** | * |
| | * |
|     Plaintiff, | * |
| | * CIVIL ACTION NO. 14-00475-CG-B |
| vs. | * |
| | * |
| **Mr. Long,** *et al.,* | * |
| | * |
|     Defendants. | * |

### Report and Recommendation

Plaintiff Terrance Reaser, an Alabama prison inmate proceeding pro se, filed a complaint under 42 U.S.C. § 1983 together with a motion to proceed without prepayment of fees (Docs. 1,9). This action has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), and is now before the Court due to Plaintiff's failure to prosecute and failure to obey the Court's order.

On two separate occasions, Plaintiff filed a motion to proceed without prepayment of fees, and upon review, the Court denied the motions because Plaintiff failed to include a signed certification by an authorized prison official and a copy of the institutional record of his inmate account reflecting deposits for the six-month period immediately preceding the filing of his complaint as required by statute. See 28 U.S.C. § 1915 (a)(2). (Docs. 2, 3, 4, 8). In the Court's order dated November 19, 2014 (Doc. 8), Plaintiff was expressly advised that he was required to file a new motion to proceed without prepayment of

fees and was further advised that his new motion had to include the statutorily required copy of the institutional record of his inmate account reflecting transactions in his account for the six-month period immediately preceding the filing of his complaint and the signed certificate of the authorized officer. Additionally, Plaintiff was advised that in lieu of filing the motion by December 19, 2014, he could pay the $400 filing fee by said date.  Plaintiff was cautioned that failure to include a copy of his institutional account, and a certification from an authorized prison officer would result in dismissal due to his repeated failure to obey the Court's directives.

On November 25, 2014, Plaintiff filed his third motion to proceed without prepayment of fees. (Doc. 9).  The motion was not accompanied with a copy of the institutional record of Plaintiff's inmate account, and the certificate was blank although it did bear the signature of a prison official. Upon inquiry with the prison, the Court learned that while the individual who signed the document is employed by the institution, he is not employed in the financial department and does not possess information regarding Plaintiff's inmate account.  At this juncture, it is clear that rather than obey the Court's directives, and forward the certificate to the finance office for completion, Plaintiff has once again sought to sidestep the requirement that he submit a copy of the

institutional record of his inmate account reflecting deposits for the six-month period immediately preceding the filing of his complaint and a completed certificate signed by an authorized prison official.

Given Plaintiff's repeated refusal to obey the Court's directives, and upon consideration of other available alternatives, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to failure to obey the Court's orders, as no other lesser sanction will suffice. Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); see also Zow v. Regions Fin. Corp., 2014 U.S. App. Lexis 23321 (11th Cir. 2014)( if a party disregards an order despite being warned of the possible consequences, dismissal is generally not an abuse of discretion); Tanner v. Neal, 232 Fed. App'x. 924 (11th Cir. 2007) (affirming sua sponte dismissal without prejudice of inmate's § 1983 action for failure to file an amendment to complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply); Link v. Wabash R.R., 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for

lack of prosecution).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's factual findings." Dupree v. Warden, 715 F.3d 1295, 1300 (11th Cir. 2013) (emphasis in original). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **9th** day of **January, 2015.**

                                            /s/ SONJA F. BIVINS
                                    **UNITED STATES MAGISTRATE JUDGE**